Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ISLAND PORFOLIO SERVICES, LLC., COMO AGENTE DE FAIRWAY ACQUISITIONS FUND, LLC<br><br>Apelados<br><br>v.<br><br>CAMEN LASSUS VÁZQUEZ<br><br>Apelante | KLAN202300747 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2022CV09109<br><br>(802)<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 6 de diciembre de 2023.

Comparece ante nos la señora Carmen Lassus Vázquez ("señora Lassus Vázquez" o "Apelante") mediante *Recurso de Apelación* presentado el 23 de agosto de 2023. Nos solicita que revoquemos la *Sentencia* emitida el 21 de julio de 2023, notificada el 24 de julio del mismo año, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Por virtud de esta, el foro *a quo* declaró *Ha Lugar* la *Solicitud de Sentencia Sumaria* presentada por Island Portfolio Services, LLC. ("Island Portfolio" o "Apelada").

Por los fundamentos expuestos a continuación, **revocamos** la *Sentencia* apelada.

## I.

En lo pertinente a la controversia ante nuestra consideración, el 18 de octubre de 2022, Island Portfolio presentó una *Demanda* sobre cobro de dinero e incumplimiento de contrato, como agente gestor y administrador de Fairway Acquisitions Fund, LLC. ("Fairway"), contra la señora Lassus Vázquez. Alegó, en síntesis, que

es una agencia de cobro y que la Apelante le adeuda el monto de $35,785.51.[1]

El 3 de enero de 2023, la señora Lassus Vázquez presentó *Contestación a Demanda*[2], en la que esencialmente negó las alegaciones de la demanda. A su vez, levantó la prescripción de la deuda como defensa afirmativa.

Posteriormente, el 17 de febrero de 2023, Island Portfolio presentó una *Solicitud de Sentencia Sumaria.*[3] Sostuvo que existe un balance, líquido, vencido y exigible de $35,785.51. Arguyó, además, que la única controversia que tenía el tribunal ante su consideración era determinar si la señora Lassus Vázquez poseía alguna defensa válida para rebatir la obligación de pagar la deuda que se reclamaba. Junto a la misma, incluyó como prueba documental estados de cuenta, un "Bill of Sale" sobre cesión de cuenta de Banco Popular, un poder de Fairway en favor de Island Portfolio, copia de la licencia de agencia de cobro de Island Portfolio y una declaración jurada de un representante de Island Portfolio.

Por su parte, el 4 de abril de 2023, la señora Lassus Vázquez presentó una *Moción en Oposición a Sentencia Sumaria.*[4] Adujo, en síntesis, que no se presentó copia del contrato firmado por la Apelante y que el *Bill of Sale and Assignment of Accounts* de Banco Popular no indica que la cuenta de la Apelante específicamente haya sido transferida. Sostuvo que, quedando controversias sustanciales pendientes de resolver, no procede dictar sentencia sumaria.

Evaluados los planteamientos esbozados por las partes, el 21 de julio de 2023, el foro primario dictó *Sentencia*, en la que formuló las siguientes determinaciones de hechos:

---

[1] Véase Apéndice del recurso de Apelación, págs. 1-17.
[2] Véase Apéndice del recurso de Apelación, págs. 20-22.
[3] Véase Apéndice del recurso de Apelación, págs. 23-111.
[4] Véase Apéndice del recurso de Apelación, págs. 112-133.

1. La parte demandada solicitó del acreedor original y le fue extendida, la línea de crédito que culmina con los números 44773.

2. El estado de cuenta fechado al 7 de junio de 2016 refleja dos pagos. Uno por $218.00 y otro por $321.00.

3. El estado de cuenta fechado al 7 de julio de 2016 refleja tres pagos. Uno por $218.00, otro por $200.00 y un tercero por $433.00.

4. El estado de cuenta fechado al 8 de agosto de 2016 refleja dos pagos. Uno por $218.00 y otro por $632.00.

5. El estado de cuenta fechado al 7 de septiembre de 2016 refleja cinco pagos de $218.00.

6. El estado de cuenta fechado al 7 de octubre de 2016 refleja tres pagos de $218.00.

7. El estado de cuenta fechado al 7 de noviembre de 2016 refleja tres pagos. Dos por $218.00 y un tercero por $580.00.

8. El estado de cuenta fechado al 7 de diciembre de 2016 refleja un pago por $620.00.

9. El estado de cuenta fechado al 7 de enero de 2017 refleja dos pagos. Uno por $300.00 y otro por $523.00.

10. El estado de cuenta fechado al 7 de febrero de 2017 refleja dos pagos. Uno por $218.00 y otro por $607.00.

11. El estado de cuenta fechado al 7 de marzo de 2017 refleja dos pagos por $821.00 cada uno.

12. El estado de cuenta fechado al 7 de abril de 2017 refleja dos pagos. Uno por $218.00 y otro por $586.00.

13. El estado de cuenta fechado al 7 de mayo de 2017 refleja dos pagos. Uno por $218.00 y otro por $590.00.

14. El estado de cuenta fechado al 7 de junio de 2017 refleja tres pagos. Dos por $218.00 y otro por $365.00.

15. El estado de cuenta fechado al 7 de julio de 2017 refleja Dos pagos. Uno por $700.00 y otro por $101.00.

16. El estado de cuenta fechado al 7 de agosto de 2017 refleja un pago por la cantidad de $798.00 pagos.

17. El estado de cuenta fechado al 7 de septiembre de 2017 refleja un pago por la cantidad de $800.00 pagos.

18. El estado de cuenta fechado al 7 de octubre de 2017 no refleja pago o crédito alguno. En dicho estado se le informa a la demandada que, si continúa realizando el pago mínimo, tardaría 79 años en saldar el balance pendiente y habría pagado la cuantía de $191.050.00 como partida de principal e intereses.

19. El estado de cuenta fechado al 28 de noviembre de 2017 refleja un pago de $200.00. Al momento, la parte demandada incurría en la cuantía de $5,917.00 en atrasos y $185.51 en sobre giros. Se observa que, la parte demandada mantuvo un promedio de $5,000.00 en atrasos de manera constante.

20. La parte demandada nunca satisfizo los atrasos existentes sobre la obligación contraída por lo que el acreedor original debidamente asignó y transfirió a FAF todos los derechos, títulos e intereses en la cuenta reclamada según lo evidencia el *Bill of Sale and Assigment of Accounts.*

21. El *data excerpt* de la cuenta que se reclama contiene la siguiente información:

    a. Número de cuenta: 37781232664773;

    b. Balance pendiente: $35,785.51;

    c. Día que fue abierta la cuenta: 17 de junio de 1999;

    d. Día que fue lanzada a pérdida la cuenta: 31 de octubre de 2017;

    e. Nombre completo de la demandada: Carmen Lassus Vázquez;

    f. Dirección: Urb. Hillside A9 Calle 1 San Juan, P.R. 00926-5239; g. Número de teléfono: 787-602-0253; h. Últimos cuatro números de Seguro Social: \*\*\*-\*\*-7423.

22. Así las cosas, FAF contrató los servicios de Island como agencia de cobro y agente gestor.

23. Los expedientes de negocios de Island establecen que el balance adeudado, y reclamado es por $35,785.51.

24. Island está debidamente organizada, autorizada y licenciada para actuar como Agencia de Cobros en Estado Libre Asociado de Puerto Rico.

25. Previo a la radicación de la demanda, en el mes de septiembre de 2021, la parte demandante envió Carta de Aviso de Cobro por correo certificado con acuse de recibo número: 9414 8118 9876 5854 4274 89.

26. El Aviso de Cobro antes mencionado, fue recibido en la última dirección conocida de la demandada y ésta no hizo reclamación alguna de conformidad a la Ley de Agencias de Cobro o la *Fair Debt Collection Practices Act.*

27. La parte demandada, al momento de la Demanda, adeuda al demandante la cantidad de total de $35,785.5 por haber incumplido con la obligación contraída.

28. La referida deuda está vencida y es una suma líquida y exigible.

29. La parte demandada no tiene evidencia alguna del saldo de la cuenta que se reclama.

A tenor con las determinaciones de hechos formuladas, el foro *a quo* declaró *Ha Lugar* la *Solicitud de Sentencia Sumaria.*[5]

Inconforme, el 27 de septiembre de 2023, la señora Lassus Vázquez compareció ante nos y formuló los siguientes señalamientos de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR UNA SOLICITUD DE SENTENCIA SUMARIA QUE NO CUMPLE CON LOS ESTRICTOS REQUISITOS DE FONDO Y FORMA [QUE ORDENA] LA REGLA 36 DE PROCEDIMIENTO CIVIL DE PUERTO RICO.

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR UNA SOLICITUD DE SENTENCIA SUMARIA CON PRUEBA INSUFICIENTE E INADMISIBLE CONFORME PROVEEN LAS REGLAS DE EVIDENCIA.
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR UNA SOLICITUD DE SENTENCIA SUMARIA EN COBRO DE DINERO SIN CONTAR CON UN

---

[5] Véase Apéndice del recurso de Apelación, págs. 134-141.

CONTRATO QUE ACREDITE LOS TÉRMINOS Y CONDICIONES DE LA ALEGADA DEUDA.

ERRÓ EL HONROABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR UNA SOLICITUD DE SENTENCIA SUMARIA SIN CONSIDERAR LOS ARGUMENTOS EN OPOSICIÓN DE LA MISMA Y EVITANDO EMITIR UNA SENTENCIA FUNDAMENTADA EN LOS HECHOS Y EL DERECHO.

El 28 de agosto de 2023, esta Curia emitió *Resolución* en la que le concedió hasta el 22 de septiembre de 2023 a la Apelada para que expusiera su posición en cuanto al recurso presentado. Island Portfolio compareció el 22 de septiembre de 2023, en el término dispuesto, mediante *Alegato en Oposición a Apelación.*

Contando con el beneficio de la comparecencia de todas las partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

## II.

### A. Sentencia Sumaria

La sentencia sumaria "es un mecanismo procesal cuyo propósito principal es facilitar la solución justa, rápida y económica de los litigios que no presentan controversias genuinas de hechos materiales y, por lo tanto, no ameritan la celebración de un juicio a fondo". *Nieves Diaz v. González Massas,* 178 DPR 820, 847 (2010); *Sucn. Maldonado v. Sucn. Maldonado,* 166 DPR 154, 184 (2005). La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, permite que, en un litigio, cualquiera de las partes le solicite al tribunal que se dicte sentencia sumaria a su favor, ya sea sobre la totalidad o cualquier parte de la reclamación solicitada. Reglas 36.1 y 36.2 de Procedimiento Civil, *supra.* No obstante, para que una sentencia sumaria proceda, es necesario que de los documentos que la acompañan, se demuestre que no existe una controversia real sobre los hechos y solo reste aplicar el derecho. *SLG Szendrey v. Consejo de Titulares,* 184 DPR 133, 138 (2011); *Ramos Pérez v. Univisión de Puerto Rico, Inc.,* 178 DPR 200, 214 (2010).

Para poder demostrar eficientemente la falta de controversia sobre hechos esenciales, el promovente de la sentencia sumaria debe: (1) exponer las alegaciones de las partes; y (2) desglosar en párrafos debidamente enumerados los hechos sobre los cuáles, a su entender, no hay controversia. Regla 36.3 de Procedimiento Civil, *supra,* R. 36.3.

En *Meléndez González et al. v. M. Cuebas,* 193 DPR 100 (2015), el Tribunal Supremo estableció "el estándar específico" que debe utilizar este Foro al "revisar denegatorias o concesiones de Mociones de Sentencia Sumaria". A esos efectos, el Tribunal dispuso que:

> el Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679 (2018), citando a *Meléndez González et al. v. M. Cuebas, supra,* págs. 118-119.

Es decir, planteada una revisión de sentencia sumaria, el Tribunal de Apelaciones está en la misma posición que el Tribunal de Primera Instancia para resolver, por lo que debe evaluar las mociones presentadas en el foro primario y cumplir con los requisitos dispuestos en la Regla 36 de Procedimiento Civil, *supra,* al emitir su dictamen.

**III.**

Expuesto el marco jurídico y ponderados los argumentos presentados por las partes, procedemos a resolver la situación fáctica ante nuestra consideración. Por estar íntimamente

relacionados, procedemos a resolver de manera conjunta los cuatro señalamientos de error planteados por la parte Apelante.

En el presente recurso, la señora Lassus Vázquez nos solicita que revoquemos la *Sentencia* emitida por el foro primario el 21 de julio de 2023, en la que declaró *Ha Lugar* una solicitud de sentencia sumaria. Arguye en su primer señalamiento de error, que el foro *a quo* erró al declarar ha lugar una solicitud de sentencia sumaria que no cumple con los estrictos requisitos de fondo y forma que ordena la Regla 36 de Procedimiento Civil, *supra.* De igual modo, en el segundo señalamiento de error, esboza que incidió el foro primario al declarar ha lugar una solicitud de sentencia sumaria con prueba insuficiente e inadmisible conforme proveen las Reglas de Evidencia. Asimismo, en el tercer señalamiento de error, sostiene que el foro *a quo* erró al declarar ha lugar una solicitud de sentencia sumaria en cobro de dinero sin contar con un contrato que acredite los términos y condiciones de la alegada deuda. Por último, en el cuarto señalamiento de error, la Apelante alega que incidió al no considerar los argumentos en oposición de esta y evitando emitir una sentencia fundamentada en los hechos y el derecho.

Por su parte, la Apelada arguye en su alegato que no existe argumento con respecto al hecho de que la señora Lassus Vázquez le adeuda a Island Portfolio una suma de dinero vencida, líquida y exigible. De igual manera, esboza que todos los hechos incontrovertidos enumerados en su solicitud de sentencia sumaria fueron acompañados de prueba admisible.

En vista de que el aquí Apelante cuestiona un dictamen emitido sumariamente, este foro revisor está facultado para realizar un examen *de novo,* tanto de la solicitud de sentencia sumaria y sus anejos, así como su oposición. Efectuado tal ejercicio, resolvemos que tanto la Apelante como la Apelada, cumplieron esencialmente

con los requisitos dispuestos en la Regla 36 de Procedimiento Civil, *supra.*

Ahora bien, nos corresponde revisar si en realidad existen hechos materiales en controversia y, de haberlos, exponer concretamente cuáles hechos materiales están en controversia y cuáles están incontrovertidos. Véase *Roldán Flores v. M. Cuebas et al., supra.* Veamos.

Mediante el dictamen recurrido, el foro primario determinó que existían 29 hechos incontrovertidos. Luego de una evaluación de las mociones presentadas por las partes y de los documentos que fueron acompañados con la solicitud de sentencia sumaria, este foro concluye que no existe controversia sobre los hechos números 2, 3, 4, 5, 6, 9, 10, 11, 12, 14, 15, 16, 18, 19, 21, 23 y 24. A su vez, resolvemos que los siguientes hechos deben ser enmendados para que lean como sigue:

> 7. El estado de cuenta fechado al 7 de noviembre de 2016 refleja tres pagos. Dos por $218.00 y un tercero por $560.00.[6]
> 8. El estado de cuenta fechado al 7 de diciembre de 2016 refleja un pago por $612.00.[7]
> 13. El estado de cuenta fechado al 8 de mayo de 2017 refleja dos pagos. Uno por $218.00 y otro por $590.00.[8]
> 17. El estado de cuenta fechado al 8 de septiembre de 2017 refleja un pago por la cantidad de $800.00 pagos.[9]

También, es menester señalar que los documentos que se incluyeron con la solicitud de sentencia sumaria no lograron demostrar los hechos 1, 20, 22, 25, 26, 27, 28 y 29, por lo que no acogemos dichas determinaciones emitidas en la *Sentencia* que aquí se apela.

Finalmente, somos del criterio que existen controversias esenciales para la adjudicación del pleito, que impiden la resolución del mismo por la vía sumaria, a saber:

---

[6] Véase Apéndice del recurso de Apelación, pág. 52.
[7] Véase Apéndice del recurso de Apelación, pág. 56.
[8] Véase Apéndice del recurso de Apelación, pág. 76.
[9] Véase Apéndice del recurso de Apelación, pág. 92.

1. Si la Apelante solicitó de un acreedor original y le fue extendida, la línea de crédito que culmina con los números 44773.

2. Si la Apelante satisfizo los atrasos existentes sobre la obligación contraída.

3. Si la información de la cuenta que se reclama es la siguiente:

   a. Balance pendiente: $35,785.51

   b. Día que fue abierta la cuenta: 17 de junio de 1999

   c. Día que fue lanzada a pérdida la cuenta: 31 de octubre de 2017

4. Si previo a la radicación de la demanda, en el mes de septiembre de 2021, la Apelada envió Carta de Aviso de Cobro por correo certificado con acuse de recibo número 9414 8118 9876 5854 4274 89.

5. Si el aviso de cobro antes mencionado fue recibido en la última dirección conocida de la Apelante y si esta hizo alguna reclamación de conformidad a la Ley de Agencias de Cobro la *Fair Debt Collection Practices Act.*

6. Si la Apelante adeuda al Apelado la cantidad total de $35,785.51 por haber incumplido con una obligación.

7. Si la referida deuda está vencida y es una suma líquida y exigible.

8. Si la Apelante tiene evidencia del saldo de la cuenta que se reclama.

No surge de las copias de alegados estados de una cuenta de Banco Popular que la Apelada haya solicitado una línea de crédito, ni qué cantidad es el alegado crédito que le fue extendido. No surge la forma y manera en que se cumpliría con la obligación, ni los términos y condiciones del alegado crédito extendido. La Apelada se refiere a un documento preparado por sí misma con información no corroborada. Además, hace referencia a una declaración jurada que no dice nada sobre los alegados hechos incontrovertidos. Finalmente, la Apelada hace alegaciones sin hacer referencia a prueba documental e, incluso, enumera conclusiones de derecho.

Por lo tanto, de lo anterior concluimos **que existen hechos materiales que permanecen en controversia.** Tales hechos deberán dilucidarse mediante la celebración de un juicio plenario, donde se presente evidencia a esos fines. En ese sentido, no procede la utilización del mecanismo procesal de sentencia sumaria por parte del foro primario para adjudicar el caso. Para ello, es necesario desfilar prueba sobre la alegada deuda en la línea de crédito que

culmina con los números 44773. En armonía con este análisis, colegimos que hay que adjudicar en juicio plenario si Island Portfolio es o no acreedora de la deuda de $35,785.51.

**IV.**

Por los fundamentos antes expuestos, ***revocamos*** el dictamen recurrido. En consecuencia, devolvemos el caso al foro primario para la celebración de un juicio plenario en el que se adjudique en sus méritos el reclamo de la parte Apelante en el recurso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones